```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
FEDERAL TRADE COMMISSION,

                                    Plaintiff,
       v.                                                    09-CV-6329T

PAUL NAVESTAD aka PAUL RICHARD individually         **ORDER**
and doing business as THE CASH GRANT INSTITUTE,
GLOBAL AD AGENCY, GLOBAL ADVERTISING AGENCY,
DOMAIN LEASING COMPANY and/or CASH GRANT SEARCH,
and CHINTANA MASPAKORN aka CHRISTINA MASPAKORN
individually and doing business as THE CASH
GRANT INSTITUTE, GLOBAL AD AGENCY, GLOBAL
ADVERTISING AGENCY, DOMAIN LEASING COMPANY
and/or CASH GRANT SEARCH,

                                    Defendants.
_____
```

## **INTRODUCTION**

Plaintiff Federal Trade Commission ("FTC") brings this action pursuant to the Federal Trade Commission Act ("FTC Act" or "the Act") claiming that the defendants have violated that Act by engaging in unlawful telemarketing and internet-marketing schemes. Specifically, plaintiff claims that the defendants have engaged in unfair and deceptive practices by advertising the availability of private and/or governmental cash grants to individuals for almost any purpose, and then charging fees for information related to the alleged grants. According to the plaintiff, the cash grants are deceptively advertised as being widely available and instantly or quickly available to individuals, when in fact, such grants are not widely available, often require extensive application processes, and take months to receive.

Defendant Chintana Maspakorn ("Maspakorn") now moves to dismiss the Complaint pursuant to Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure on grounds that this court lacks personal jurisdiction over her and that service of the Complaint upon her was insufficient. Defendant moves in the alternative for an order transferring this action to the Central District of California on grounds that venue in the Western District of New York is inconvenient. For the reasons set forth below, I deny defendant's motions.

## DISCUSSION

Defendant claims that this court lacks personal jurisdiction over her because she is not subject to jurisdiction under New York State's long arm jurisdictional statutes. Specifically, she claims that she has no contacts with the state of New York, has not transacted business in New York, and has not in any manner availed herself to jurisdiction by a court in New York State.

Regardless of whether or not Maspakorn is subject to jurisdiction under New York's long arm statutes, the defendant is subject to the personal jurisdiction of this court pursuant to the Federal Trade Commission Act. Section 13(b) of the Federal Trade Commission Act authorizes the FTC to file suit in any federal district court when the agency has reason to believe that a person, partnership, or corporation has violated or will violate any provision of law enforced by the FTC. 15 U.S.C. § 53(b) That

section also provides that process may be served on any person, partnership, or corporation wherever it may be found. Id. Because the Federal Trade Commission Act authorizes service of process to be effectuated on any defendant wherever that defendant may be found, this court may exercise personal jurisdiction over such a defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure, which provides in relevant part that this court has personal jurisdiction over parties which may be lawfully served pursuant to federal law.

Accordingly, because federal law authorizes service of process on Maspakorn, the court need only determine whether or not exercise of jurisdiction over the defendant comports with the requirements of Due Process. I find that jurisdiction over the defendant satisfies the requirements of Due Process. Because the instant case is brought pursuant to federal-question jurisdiction, and nationwide service of process is authorized by statute, the Due Process Clause of the Fifth Amendment to the United States Constitution governs this court's analysis of whether or not personal jurisdiction over the defendant is constitutional. To pass constitutional muster, the defendant over which the court purports to have jurisdiction must have "minimum contacts" with the United States as a whole, and assertion of jurisdiction over the defendant must be reasonable and comport with traditional notions of fair play and justice. See Reese Bros., Inc. v. U.S. Postal

Service, 477 F.Supp.2d 31, (D.D.C., 2007)(where action is brought pursuant to federal law and nationwide service of process is established by statute, court must determine whether or not the defendant has minimum contacts with the United States and that jurisdiction is consistent with traditional notions of fair play and justice.)

The allegations set forth in the Complaint establish that Maspakorn has sufficient contacts with the United States. For example, the Complaint alleges that the target of the alleged telemarketing scams were United States citizens residing in the various States of the United States. The evidence contained in the record submitted with plaintiff's request for injunctive relief suggests that Maspakorn is the Director of the defendant Global Ad Agency, a company registered in the State of Wyoming. These allegations, and several others, establish that Maspakorn has sufficient contacts with the United States for jurisdictional purposes. Although the defendant denies that her activities violate the FTC Act, and alleges that the plaintiff's claims are wholly without merit, such allegations fail to establish that she lacks minimum contacts with the United States.

Nor does jurisdiction in this court violate any traditional notions of fair play or justice. This court has a strong interest in adjudicating this case, and there has been no showing that venue in this district would be so odious to the defendant that it would

result in any disadvantage to her.  I therefore find that this court has personal jurisdiction over defendant Maspakorn.

Defendant further alleges that the plaintiff improperly served the Complaint in this matter, and therefore the Complaint should be dismissed.  Specifically, defendant alleges that the plaintiff failed to comply with California's substitute service provisions, and therefore service by hand delivery and certified mail to an address in West Hollywood, (which she claims is not hers) was ineffective.  I deny defendant's motion.  This court has previously found that because the plaintiff was unable, after diligent effort, to effectuate personal service on the defendant, substitute service was appropriate.  Despite defendant's claim that the West Hollywood address was not valid, it was the address defendant used when she applied for a private mailbox, and is also the mailing address for several of her credit cards.  It is the mailing address for her company Global Ad Agency, for which the defendant is a director.  I therefore find that the address used by the plaintiff for service was valid for purposes of California's substitute service provisions, and that the service of process was valid.

Finally, defendant moves to transfer this action to the Central District of California on grounds that venue in that District would be more convenient.  The moving party in a motion to transfer venue generally bears the burden of showing that the forum should be changed.  Factors Etc., Inc. v. Pro Arts, Inc., 579 F.2d

215, 218 (2nd Cir. 1978) cert. denied 440 U.S. 908 (1979).  In fact, the moving party must "make a clear-cut showing that [transfer] is warranted." Lencco Racing Co., Inc. v. Artco, Inc., 953 F.Supp. 69, 71 (W.D.N.Y. 1997)(Larimer, Chief Judge).

A motion to transfer venue is within the sound discretion of the court.  Nieves v. American Airlines, 700 F.Supp. 769, 772 (S.D.N.Y. 1992).  Courts generally consider several factors to determine whether transfer is appropriate, including

> the plaintiff's initial choice of forum; the relative convenience to parties and witnesses; the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses; location of relevant documents and other tangible evidence...and 'all other practical problems that make trial of a case easy, expeditious and inexpensive'.

Bonerb v. Richard J. Caron Foundation, 1995 WL 818657 *1 (W.D.N.Y. 1995)(citations omitted).

Applying these factors to this case, I find that defendant has failed to make a "clear cut showing" that transfer of this case to the Central District of California is appropriate.

    A.    Plaintiff's Choice of Forum

The plaintiff's initial choice of forum must be given substantial weight and should not be changed lightly. Air-Flo M.G. Co. v. Louis Berkman Co., 933 F.Supp. 229 (W.D.N.Y. 1996).  In the instant case, plaintiff has chosen to litigate this case in this district, where harm from the defendants' conduct is alleged to

have occurred. Moreover, one of the defendants, Paul Navestad, is the subject of a consent order issued by this court restricting him from engaging in fraudulent conduct. Accordingly, plaintiff's choice of forum is entitled to substantial deference.

B.  Convenience of the Parties and Witnesses

The defendant claims that California is a more convenient venue for her. She has failed, however, to establish that this district is so inconvenient to her that proceedings here would prejudice her. In light of the deference given to plaintiff's choice of forum, defendant's claim of inconvenience does not persuade this court that transfer to the Central District of California is appropriate.

C.  Non-party witnesses

Ordinarily availability of process to compel the attendance of unwilling non-party witnesses and the cost of attaining the attendance of willing non-party witnesses is a consideration in determining a motion to transfer. However, neither factor is relevant because neither party has specifically identified any non-party witness.

D.  Ease of access to sources of proof; Location of documents and evidence.

I find that the ease of access to the sources of proof and the location of relevant documents militates neither for or against transfer to the Central District of California.

E. <u>Interests of Justice</u>

There is no dispute that the substantive law to be applied is federal law. Thus, either forum is equally capable of applying the substantive law involved. Additionally, there are no state-law claims asserted, so there are no issues regarding familiarity with state law. As stated above, this district has a strong interest in presiding over this matter, particularly in light of the fact that defendant Paul Navestad is subject to a previous order of this court enjoining him from violating the FTC Act.

Because the factors set forth above do not establish that transfer of this case to the Central District of California is warranted, I deny defendant's motion to transfer.

## **CONCLUSION**

For the reasons set forth above, I deny defendant Chintana Maspakorn's motion to dismiss.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca
_____
Michael A. Telesca
United States District Judge

Dated: Rochester, New York
       February 25, 2010