0990

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _   CASE NO: 09-CV-6329T (F)
                                                         HON. MICHAEL A. TELESCA, U.S.D.J.

FEDERAL TRADE COMMISSION

            PLAINTIFF,

      V.

PAUL NAVESTAD AKA PAUL RICHARD INDIVIDUALLY|
AND DOING BUSINESS ASTHE CASH GRANT INSTITUTE,
GLOBAL AD AGENCY, GLOBAL ADVERTISING AGENCY,
DOMAIN LEASING COMPANY AND/OR CASH GRANT SEARCH,
AND
CHINTANA MASPAKORN AKA CHRISTINA MASPAKORN
INDIVIDUALLY AND DOING BUSINESS AS THE
CASH GRANT INSTITUTE, GLOBAL AD AGENCY,
GLOBAL ADVERTISING AGENCY, DOMAIN LEASING COMPANY
AND/OR CASH GRANT SEARCH,

           DEFENDANTS.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

# ANSWER

**PAUL NAVESTAD**, by his attorneys, Frank A. Aloi, Esq., and Samuel F. Prato, Esq., for his Answer to the Complaint, alleges as follows:

1. Admits in paragraphs 1 and 4, upon information and belief, the pleaded statutory enabling and regulatory powers of the Federal Trade Commission (hereinafter "FTC")

2. Denies the allegations in paragraph 2 concerning Jurisdiction, and denies the allegations in paragraph 3 concerning Venue.

3. Denies all allegations of paragraph 5.

4. With regard to paragraph 7, the cited docket entry documents in prior litigation concerning plaintiff and Paul Navestad (00 CV 6269 TT - WD NY), speak for themselves; denies any inference that the Stipulated Final Judgment and Order for Permanent Injunction is relevant to the claims in this case, or that defendant Paul Navestad is in violation of the terms of the Permanent Injunction.

5. Denies the allegations of paragraph 8.

6. Admits the allegations of paragraph 9 and 11 concerning the statutory enabling of the FTC, and the statement of the regulatory TSR - Rule Making by the FTC thereafter.

7. Denies the allegations of paragraph 10.

8. Denies knowledge sufficient to form a belief, and/or states that the allegations are conclusions of law, as to the allegations in paragraphs 12, 13, 14, 15, 16, 17, 18, 19, 20, 47, 48, 56, 57, 58, 59, and so much of 60 as alleges the equitable jurisdiction of the Court; denies the balance of paragraph 60 concerning alleged violations by defendant.

9. Denies the allegations of paragraphs 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, and 33.

10. Denies the allegations of paragraphs 34, 35, 36, 37, 38, and 39.

11. Denies the allegations in paragraph 40.

12. Denies the allegations in paragraph 41.

13. Denies the allegations in paragraph 42.

14. Denies the allegations in paragraphs 43 and 44.

15. Denies the allegations in paragraphs 45 and 46.

16. Denies the allegations in paragraphs 49 and 50.

17. Denies the allegations in paragraphs 52, 53, and 54.

18. Denies the allegations in paragraph 55.

19. Denies each and every allegation of the Complaint not hereinbefore specifically admitted, controverted, or denied.

## AS AND FOR AN AFFIRMATIVE DEFENSE

20. There is no allegation that defendant has violated the prior Order pleaded in paragraph 7 of the Complaint; no contempt proceeding has been commenced against defendant; as such the allegations of paragraph 7 are irrelevant and prejudicial, and should be stricken from the Complaint.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

21. The Complaint fails to state a claim upon which relief can be granted; specifically, the Complaint pleads only labels and conclusions, with a formulaic recitation of the purported elements of causes of action; and the Complaint fails to plead facts sufficient to raise a right to relief above the speculative level, and to state claims for relief that are plausible on their face; as such, the Complaint is insufficient under the pleading requirements of Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 545 (2007), Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009), and Tracy v. NVR, Inc., 2009 U.S. Dist. LEXIS 90778 (WD NY 2009).

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

22. With regard to prior purported substituted service on defendant, there is neither in personam nor subject matter jurisdiction over defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

23. With regard to the alleged personal service on defendant on May 2, 2010 at the San Francisco Airport, defendant was illegally detained for more than four hours by Customs agents.

24. The detention of defendant was pre-textural, unreasonable, and illegal; the search and detention of defendant at the airport were violative of the Fourth Amendment, as well as the case law interpretation in U.S. v. Montoya DeHernandez, 473 U.S. 531, 536, 538- 539, 541 (1985), U.S. v. Esieke, 940 F. 2d 29, 35 (2d Cir. 1991), and U.S. v. Mosqluera-Ramirez, 729 F. 2d 1352 (11th Cir. 1984).

25. Defendant's entry documents were in order, and he was not charged with any violations of law or regulations; neither money nor property were seized from defendant; defendant was in no way penalized.

26. The sole purpose of the illegal detention was to hold and restrain defendant while the Summons, Complaint, and Preliminary Injunction in this case were delivered to Customs agents at the San Francisco Airport for alleged personal service on defendant.

27. The detention was not conducted to regulate the collection of duties, to prevent the introduction of contraband into the country, or to otherwise advance the national interest in self-protection; as such, the detention was and is an unlawful detention and/or arrest, and the alleged personal service upon defendant incidental thereto, was and is a nullity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

28. Upon information and belief, the instant litigation is or may be a fact finding device for a currently pending criminal investigation of defendant, considering his complicity in alleged criminal activity, including money laundering, wire fraud, mail fraud, and tax evasion.

29. Upon information and belief, plaintiff is sharing any and all investigatory and/or discovery information in this case, with the Office of the U.S. Attorney General, and/or affiliated persons or agencies,

that

    is conducting a parallel criminal investigation of defendant.

30.    As a result of the instant litigation, defendant may be subjected to criminal charges and/or culpability.

31.    Defendant hereby and herewith states his intention to invoke his Fifth Amendment privilege against self-incrimination generally in this litigation, and specifically with regard to any allegations that he has violated the terms of a certain Preliminary Injunction granted in these proceedings, and/or with regard to the fruits of prior searches and seizures of computer, other equipment, and all information and data thereon, upon information and belief, conducted under subpoenas illegally issued and/or illegally served and enforced pursuant to terms of the Preliminary Injunction, and the pending Receivership in this case.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

32.    Defendant is not domiciled in the United States.

33.    Defendant does not reside in the United States.

34.    The Complaint is subject to dismissal under the doctrine of *forum non conveniens*.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

35. Upon information and belief, some or all of the claims in the Complaint may be time barred.

36. Defendant hereby pleads the Statute of Limitations as it may apply.

## DEFENDANT DEMANDS A TRIAL BY JURY

Dated:   June 10, 2010
         Rochester, NY                    *s/Samuel F. Prato*
                                          Samuel F. Prato, Esq., Associate Counsel for
                                          Paul Navestad
                                          106 Cobblestone Ct. Drive, #169
                                          Victor, NY 14564
                                          (585) 325-5900


                                          *s/Frank A. Aloi*
                                          Frank A. Aloi, Esq., Counsel for Paul
                                          Navestad
                                          PO Box 18186
                                          Rochester, NY 14618
                                          (585) 262-3660

0990

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FEDERAL TRADE COMMISSION

CASE NO: 09-CV-6329T (F)

        PLAINTIFF,

  V.

PAUL NAVESTAD AKA PAUL RICHARD INDIVIDUALLY|
AND DOING BUSINESS ASTHE CASH GRANT INSTITUTE,
GLOBAL AD AGENCY, GLOBAL ADVERTISING AGENCY,
DOMAIN LEASING COMPANY AND/OR CASH GRANT SEARCH,
AND
CHINTANA MASPAKORN AKA CHRISTINA MASPAKORN
INDIVIDUALLY AND DOING BUSINESS AS THE
CASH GRANT INSTITUTE, GLOBAL AD AGENCY,
GLOBAL ADVERTISING AGENCY, DOMAIN LEASING COMPANY
AND/OR CASH GRANT SEARCH,

        DEFENDANTS.
_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on 10 June 2010, I caused to be electronically filed the foregoing <u>Answer by defendant Navestad</u> with the Clerk of the District Court using the CM/ECF system, with electronic notification made by the clerk to the following attorneys at their e-mail addresses filed with the court:

     Russell Deitch, Attorney Federal Trade Commission
     Kathleen Bliss Daffan, Attorney, Federal Trade Commission

Dated:  10 June 2010

                                        *s/ Samuel F. Prato*
                                         Samuel F. Prato