```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
FEDERAL TRADE COMMISSION,

                                Plaintiff,
       v.                                          09-CV-6329T

PAUL NAVESTAD aka PAUL RICHARD individually        DECISION
and doing business as THE CASH GRANT INSTITUTE,    and ORDER
GLOBAL AD AGENCY, GLOBAL ADVERTISING AGENCY,
DOMAIN LEASING COMPANY and/or CASH GRANT SEARCH,
and CHINTANA MASPAKORN aka CHRISTINA MASPAKORN
individually and doing business as THE CASH
GRANT INSTITUTE, GLOBAL AD AGENCY, GLOBAL
ADVERTISING AGENCY, DOMAIN LEASING COMPANY
and/or CASH GRANT SEARCH,

                                Defendants.
_____
```

## **INTRODUCTION**

Plaintiff Federal Trade Commission ("FTC") brings this action pursuant to the Federal Trade Commission Act ("FTC Act" or the "Act") claiming that the defendants have violated that Act by engaging in unlawful telemarketing and internet-marketing schemes. Specifically, plaintiff claims that the defendants have engaged in unfair and deceptive practices by advertising the availability of private and/or governmental cash grants to individuals for almost any purpose, and then charging fees for information related to the alleged grants. According to the plaintiff, the cash grants are deceptively advertised as being widely available and instantly or quickly available to individuals, when in fact, such grants are not widely available, often require extensive application processes, and take months to receive.

On June 11, 2010, defendant Paul Navestad ("Navestad") filed an answer asserting, <u>inter alia</u>, seven affirmative defenses.

Plaintiff FTC now moves to strike six of the seven affirmative defenses as legally insufficient or irrelevant. For the reasons set forth below, I grant the plaintiff's motion to strike defendant's first, third, fourth, fifth, and sixth affirmative defenses. I deny plaintiff's motion to strike defendant's seventh affirmative defense.

## DISCUSSION

Rule 12(f) of the Federal Rules of Civil Procedure provides in relevant part that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . ." Fed. R. Civ. P. 12(f). I apply this standard to the defenses asserted in defendant Navestad's Answer, as explained below.

### I.  First Affirmative Defense

Navestad's First Affirmative Defense alleges that paragraph 7 of the Complaint should be stricken on grounds that the allegations contained in that paragraph are irrelevant and prejudicial. Paragraph 7 of the Complaint simply alleges that the FTC sued Navestad in 2000, and that this court entered a permanent injunction against Navestad prohibiting him from engaging in the advertising, marketing, promoting, offering for sale, or sale of any credit-related goods or services, or assisting others engaged in same. The allegations contained in paragraph 7 are for purposes of background, and do not allege any facts upon which the instant action is based, nor do they allege a cause of action.

Accordingly, I find no basis for striking paragraph 7 of the Complaint, and find that Defendant's First Affirmative Defense shall be stricken for lack of relevance to the factual allegations underlying the causes of action brought in this action.

II. Defendant's Third Affirmative Defense

Navestad pleads in his Third Affirmative Defense that: "[w]ith regard to prior purported substituted service on defendant, there is neither in personam nor subject matter jurisdiction over defendant." This defense appears to contend that the service of the Complaint on the defendant was insufficient, and therefore this court lacks personal or subject matter jurisdiction over him. Such a claim, however, is without merit. This court previously has found that the substitute service made on Navestad was legally sufficient, and there is no basis for revisiting that determination.

With respect to subject matter jurisdiction, the case is brought under federal law, over which this court unquestionably has jurisdiction. With respect to personal jurisdiction over Navestad, he has minimum contacts with the United States, which is all that is required for personal jurisdiction in this federal-question action brought pursuant to the Federal Trade Commission Act. Therefore, this court has jurisdiction over his person. As a result of having both subject matter and personal jurisdiction over Navestad, I grant plaintiff's motion to strike defendant Navestad's Third Affirmative Defense.

III. <u>Defendant's Fourth Affirmative Defense</u>

In his Fourth Affirmative Defense, Navestad alleges that he was illegally detained at the San Francisco Airport on May 2, 2010 for several hours, and that his detention was used as a delaying tactic to allow federal officials time to obtain and serve the summons, complaint, and preliminary injunction in this case on the defendant. Defendant contends that because his detention was unlawful, the service of process on him is void, and is a nullity. As stated above, however, this court has found that the substitute service effectuated by the FTC prior to the personal service that occured on May 2, 2010 satisfied its service of process obligations.

The FTC claims that improper personal service of the Preliminary Injunction is not a valid affirmative defense. Navestad, however, has challenged the personal service not only of the Preliminary Injunction, but of the Complaint and summons as well. Improper service of the Summons and Complaint is a valid basis for an affirmative defense, and indeed such a defense must be alleged in the Answer under penalty of possible waiver of the defense. See <u>Espaillat v. Rite Aid Corp.</u>, 2003 WL 721566, *3 (S.D.N.Y., March 03, 2003). I note, however, that because I have determined that substitute service of the Summons and Complaint on Navestad was proper, his claim of improper personal service is immaterial and legally irrelevant to the instant action. I therefore grant plaintiff's motion to strike Navestad's Fourth Affirmative Defense.

IV. <u>Defendant's Fifth Affirmative Defense</u>

Defendant Navestad's Fifth Affirmative Defense alleges his belief that the instant action is a discovery device for a potential criminal action against him, and that as a result of this belief, he intends to invoke his rights under the Fifth Amendment to the United States Constitution. "An affirmative defense is defined as '[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" <u>Saks v. Franklin Covey Co.</u>, 316 F.3d 337, 350 (2nd Circ., 2003)(quoting Black's Law Dictionary 430 (7th ed.1999)). In the instant case, defendant's claim that he intends to invoke the Fifth Amendment does not constitute an affirmative defense, as such a claim does not defeat the claims made against him in the Complaint. I therefore grant plaintiff's motion to strike defendant's Fifth Affirmative Defense.

V. <u>Defendant's Sixth Affirmative Defense</u>

In his Sixth Affirmative Defense, Navestad alleges that because he is not domiciled in the United States, and does not reside in the United States, the Complaint is subject to dismissal on grounds that this District constitutes an inconvenient forum. I find, however that because the Federal Trade Act allows the Federal Trade Commission to bring an action under the Act in any Federal court, and because the defendant is alleged to have engaged

in violations of that Act within the United States (regardless of his location when he allegedly caused the violations to occur), defendant's residency and/or location are legally irrelevant to the issue of jurisdiction, and choice of forum. I thus grant the plaintiff's motion to strike Navestad's Sixth Affirmative Defense.

VI. Defendant's Seventh Affirmative Defense

Navestad's final affirmative defense alleges that upon information and belief, "some or all of the claims in the Complaint may be time barred." As a result, Navestad purports to invoke "the Statute of Limitations as it may apply." as a defense to the claims against him. Answer at ¶¶ 35, 36.

Pursuant to Rule 8( C) of the Federal Rules of Civil Procedure, a Statute of Limitations defense is one of several affirmative defenses that a defendant must assert in a responsive pleading, such as an answer. Accordingly, I decline to strike on procedural grounds the defendant's affirmative defense alleging that some or all of plaintiff's claims may be barred by any applicable statute of limitations.

Plaintiff alleges, however, that the statute of limitations defense must be dismissed because defendant has failed to allege or establish which, if any, of the alleged fraudulent acts set forth in the complaint are time-barred. The FTC contends that all allegedly illegal acts set forth in the Complaint occurred within one year of the filing of the Complaint, and therefore, none of the claims in the Complaint are time-barred. I find, however, that

because the Complaint does not specify the date of each alleged illegal act, the defendant's affirmative defense is not subject to dismissal at this stage. Should the defendant be able to establish that certain claims are barred by the statute of limitations, he may raise at a later time (by motion) a statute of limitations defense.

## **CONCLUSION**

For the reasons set forth above, I grant the plaintiff's motion to strike defendant's first, third, fourth, fifth, and sixth affirmative defenses. I deny plaintiff's motion to strike defendant's seventh affirmative defense.

ALL OF THE ABOVE IS SO ORDERED.

                                 S/Michael A. Telesca
                                   MICHAEL A. TELESCA
                               United States District Judge

Dated:    Rochester, New York
            March 11, 2011